IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ERNST A. JACOBSON, )
)
    Plaintiff, )
)
v. ) 1:11CV969
)
NATIONAL PASSENGER RAILROAD )
CORP., also known as AMTRAK, )
)
    Defendant. )

MEMORANDUM OPINION AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on Plaintiff Ernst Jacobson's Motion to Withdraw [Doc. #22] seeking to voluntarily withdraw the Complaint in this action, which asserts claims under the Freedom of Information Act ("FOIA"). Defendant National Passenger Railroad Corporation has filed a Response [Doc. #23] to Plaintiff's motion. Defendant does not oppose the dismissal of this action, but asks that the dismissal be with prejudice. For the reasons set out below, the Court recommends that Plaintiff Jacobson's Motion to Withdraw his Complaint be granted and that this action be dismissed without prejudice.

Under Rule 41(a)(2), the Court may dismiss this action on Plaintiff's motion "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless the order states otherwise, a dismissal under this subsection is without prejudice. "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir.1987). Thus, "[a] plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033,

1036 (4th Cir. 1986). In addition, "[i]t is well established that, for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit." Davis, 819 F.2d at 1274. "In deciding a Rule 41(a) motion, a district court should consider factors such as 'the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal,' as well as 'the present stage of litigation.'" Miller v. Terramite Corp., 114 F. App'x 536, 539 (4th Cir. 2004) (quoting Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996) (internal citations and quotation marks omitted)). Finally, although the Court has discretion to dismiss an action under Rule 41(a)(2) with prejudice, a dismissal with prejudice is a "harsh sanction" and "if the plaintiff requests dismissal without prejudice and the district court intends to dismiss with prejudice, the district court must give the plaintiff notice of its intention and the opportunity to withdraw his request and proceed with the litigation." Choice Hotels Int'l, Inc. v. Goodwin and Boone, 11 F.3d 469, 471 n.1 (4th Cir. 1993).

In the present case, Plaintiff Jacobson's Motion to Withdraw asks that his "complaint be dissolved . . . and closed." (Pl.'s Mot. [Doc. #22] at 1.) As the basis therefor, Plaintiff states that he cannot afford to retain counsel to represent him in this matter. Although Plaintiff Jacobson has the right to proceed *pro se* in this action, he has apparently concluded that he would prefer to wait until he can retain counsel to assist him.[1] Defendant argues that the Court should dismiss this action with prejudice because Plaintiff previously filed the same FOIA action in the

---

[1] At the pretrial conference in this case, the Court informed Plaintiff Jacobson that he had the right to pursue this civil action *pro se*, but that he would be required to comply with the Federal Rules of Civil Procedure, and that it therefore would be advisable to consider obtaining the assistance of counsel.

2

Northern District of Illinois. However, in that case, the Northern District of Illinois dismissed that action for improper venue on Defendant's motion, and specifically noted that the dismissal was "without prejudice to [Plaintiff's] right to refile in a district where venue is proper." See Jacobson v. National Passenger Railroad Corporation, No. 1:10CV7282 (N.D. Ill Apr. 29, 2011). Plaintiff then filed the present action in this Court where venue is proper. Thus, the merits of Plaintiff's claims were not considered by the Northern District of Illinois, and the case was refiled here based on Defendant's position that venue was improper in Illinois. Defendant has now moved for summary judgment [Doc. #14] in this action, arguing that Plaintiff's claims are without merit. However, in response to the Motion for Summary Judgment, Plaintiff filed the present Motion to Dismiss, and therefore the merits of Plaintiff's claims have not yet been addressed.

In these circumstances, the Court concludes that there is no showing of excessive delay or lack of diligence in the present case on the part of Plaintiff Jacobson. In addition, Plaintiff has provided a sufficient explanation of the request for voluntary dismissal, based on his desire to obtain the assistance of counsel. Finally, although Defendant has filed a Motion for Summary Judgment, there has been no discovery or trial preparation, and the Court concludes that there is no undue prejudice to Defendant in allowing the dismissal without prejudice on Plaintiff's motion.[2] Under these circumstances, the Court finds that a dismissal without prejudice is

---

[2] If Plaintiff does choose to refile his claims against Defendant, the Court can consider then whether to award costs under Rule 41(d). See Fed. R. Civ. P. 41(d) ("If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.").

3

proper. Therefore, the Court will recommend that Plaintiff's Motion to Withdraw Complaint be granted, and that this action be dismissed without prejudice. Such a dismissal will render moot all other pending motions.

IT IS THEREFORE RECOMMENDED that Plaintiff's Motion to Withdraw Complaint [Doc. #22] be granted, and that this action be dismissed without prejudice.

IT IS FURTHER RECOMMENDED that Defendant's Motion for Summary Judgment [Doc. #14] and Defendant's Rule 26(f) individual report [Doc. #16] be denied as moot.

This, the 22nd day of January, 2013.

/s/ Joi Elizabeth Peake
United States Magistrate Judge
